IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Matthew W. Creasey, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  05-CV-1111 |
| ) | |
| Western Illinois University, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Defendant's motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  For the reasons below, the Court recommends the dismissal of Plaintiff's Title VII claim, to the extent he makes one, and recommends denial of the motion in all other respects.

## STANDARD OF REVIEW

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff.  Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004).  "'A

court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002), *quoting* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "'Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test'" under Fed. R. Civ. P. 8. Id. at 515, *quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## ALLEGATIONS

The plaintiff worked as a carpenter for Defendant Western Illinois University Building Maintenance Department from about 1994 until his termination, which became final on April 30, 2003.

Though Plaintiff had a history of alcoholism, his alcoholism did not interfere with his job performance. He had a good employment record and his work was highly regarded.

In early October, 2002, Plaintiff's supervisor was informed that Plaintiff had been inhaling graffiti cleaner at work ("huffing"). Plaintiff describes huffing as "an addictive behavior consistent with the conduct of alcoholics and other substance abusers." (Complaint, d/e 1, ¶ 8).

Instead of confronting Plaintiff and giving him an opportunity enter rehabilitation or conform his conduct, Plaintiff's supervisor and the WIU Police Department "devised an elaborate surveillance scheme which included the installation of hidden cameras" in Plaintiff's work area. (Complaint, d/e 1, ¶ 9). Defendant and its police department allowed Plaintiff's behavior to continue for over one month, and then arrested him on November 4, 2002, for the theft of $13.00 worth of graffiti cleaner. "The behavior of WIU and its police department exposed [Plaintiff] to danger of a life-threatening sort because they waited over a month to confront [Plaintiff's] substance abuse." (Complaint, d/e 1, ¶ 9).

Plaintiff received no meaningful opportunity to enter into Defendant's rehabilitation program, though Defendant's handbook allegedly encouraged such rehabilitation. Plaintiff also had no meaningful chance to correct his behavior before his termination, despite Defendant's policy of progressive discipline, again as allegedly set forth in the handbook.[1] Plaintiff concludes that Defendant "failed to accommodate or make a reasonable effort to accommodate [his] disability. [Plaintiff] was

---

[1] The handbook is not attached to the Complaint.

discriminated against on the basis of his disability (alcoholism)." (Complaint, d/e 1, ¶ 12).

## ANALYSIS

### I. Title VII Claim (42 U.S.C. § 2000e *et seq.*)

Plaintiff does not dispute Defendant's assertion that he does not state a claim under "Title VII,", which prohibits discrimination on the basis of "race, color, religion, sex, or national origin," not disability. 42 U.S.C. § 2000e-2(a)(1). It is not clear that he intends to do so, as his first and only count is titled "Violations of the ADA." (Complaint, d/e 1, p. 13). His cite to Title VII may simply be an acknowledgment that the ADA borrows Title VII's enforcement mechanisms. 42 U.S.C. § 12117(a). Accordingly, the Court will recommend dismissal of the Title VII claim, to the extent Plaintiff makes one.

### II. ADA Claim ("Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*)

Plaintiff does not deny that he stole the grafitti cleaner (though he does not directly admit it), nor does he deny that the theft was Defendant's proffered reason for terminating him. He argues instead that Defendant intentionally chose not to confront him upon learning of his huffing, because Defendant did not want to accommodate his disability. Plaintiff

alleges that Defendant sought to terminate him because of his disability, presumably accomplishing this by surreptitiously watching him until he violated work rules, thereby providing Defendant with a legally legitimate reason to fire him. In support of his claim, Plaintiff alleges that Defendant's actions violated its own policies promoting rehabilitation and/or progressive discipline of employees.

Defendants first argue that Plaintiff is not a "qualified individual with a disability" under the ADA because the ADA does not cover employees "currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use."[2] 42 U.S.C. § 12114(b)(2). However, it is not clear that § 12114(b)(2) applies. First, the parties do not address whether huffing grafitti cleaner amounts to the "illegal use of drugs" within the meaning of 42 U.S.C. § 12111(6)(A) and (B)("illegal use of drugs" means use unlawful under the Controlled Substances Act; drug means a controlled substance as defined in 21 U.S.C. Section 812). Second, Defendant's primary defense is that Plaintiff was terminated for theft, not illegal drug use, so arguably Defendant did not "act on the basis" of

---

[2] Whether Plaintiff's alcoholism is a "disability" under the ADA has not been raised; the court assumes it is for purposes of this Recommendation only. 42 U.S.C. Section 12102(2)(disability means an impairment that "substantially limits one or more major life activities"); see Despears v. Milwaukee County, 63 F.3d 635 (7th Cir. 1995).

Plaintiff's illegal drug use within the meaning of § 12114(b)(2). Last, Plaintiff says his disability was alcoholism, not illegal drug use, and that he had stopped using inhalants at the time of his termination, bringing him within the safe harbor exceptions of § 12114(b)(2). See Pernice v. City of Chicago, 237 F.3d 783, 786 n. 1 (7th Cir. 2001). Dismissal on this basis is therefore not warranted at this juncture.

Defendants next argue that Plaintiff may be held to the same standards as other employees, "even if any unsatisfactory performance or behavior is related to the drug use or alcoholism of such employee. . . ." 42 U.S.C. § 12114(c)(4). Thus Plaintiff could be terminated for theft, even if his disability influenced his decision to steal. Pernice, 237 F.3d at 785, 787 ("It is well-established that an employee can be terminated for violations of valid work rules that apply to all employees, even if the employee's violation occurred under the influence of a disability."). "A contrary rule would require an employer to accept egregious behavior by an alcoholic [or drug addict] employee when that same behavior, exhibited by a nondisabled employee, would require termination.'" Id., 237 F.3d at 786 (noting that even if drug addiction caused involuntary need to possess drugs, plaintiff was responsible for choice to do so), *quoting* Williams v.

Widnall, 79 F.3d 103, 1006 (10th Cir. 1996); Despears v. Milwaukee County, 63 F.3d 635, 636 (7th Cir. 1995)(alcoholism not only cause of drunk driving conviction; another cause was decision to drive while drunk).

However, that does not end the inquiry, because Plaintiff may be able to prove his case based on pretext--that Defendant's proffered explanation (a $13.00 theft) was a pretext for terminating him because of his disability. *See, e.g.,* Raytheon Co. v. Hernandez, 540 U.S. 44, 124 S.Ct. 513 (2003)(discussing pretext theory of recovery under ADA disparate treatment claim). Defendants correctly observe that Plaintiff does not allege "the University tolerated the behavior of theft from its other employees." (d/e 4, ¶ G). A failure to *prove* this might ultimately doom the claim, but failure to *allege* it is not fatal at this stage. *See, e.g.,* DeLuca v. Winer Indus., Inc., 53 F.3d 793, 797-98 (7th Cir. 1995)(prima facie ADA discrimination case requires evidence of more favorable treatment to similarly-situated, non-disabled person–decided on summary judgment). The federal rules do not permit judges to require fact pleading. Hoskins v. Poelstra, 320 F.3d 761, 764 (7th Cir. 2003); Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002)("A complaint that complies with the federal rules of civil

procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts.").

Defendant also argues that "[n]owhere in the ADA is there any requirement for employers to facilitate entry into rehabilitation services." (d/e 5, p. 3).³ Plaintiff counters that Defendant refused to offer any accommodation in the face of his obvious disability, and that he "should have been given assistance." (d/e 7, p. 4).

Generally, an employer's duty to accommodate under the ADA is not triggered until an employee requests an accommodation. Equal Employment Opportunity Comm'n v. Sears, Roebuck & Co., 417 F.3d 789, 803-04 (7th Cir. 2005)(and cases cited therein); Jovanovic v. In-Sink-Erator Divsion of Emerson Elec. Co., 201 F.3d 894, 899-900 (7th Cir. 200)("Although there will be exceptions . . . , a plaintiff must normally request an accommodation before liability under the ADA attaches."). Plaintiff cites no case law to support his apparent argument that the ADA required Defendant to affirmatively help Plaintiff upon learning of his huffing, or to protect Plaintiff from himself. Plaintiff also says nothing about

---

³Defendant does not cite any case law in its memorandum, relying exclusively on statutory cites to the ADA.

whether and when he asked for any accommodations, nor whether Defendant even knew he was an alcoholic.

Yet the extent of Defendant's knowledge of Plaintiff's alleged disability, and Plaintiff's attempts to obtain accommodation (if any) are factual conclusions better drawn from a developed factual record after discovery. As discussed above, all Plaintiff need do is put Defendant on notice of his claim, which the court believes he has done. He alleges that Defendant failed to accommodate his disability and discriminated against him because of his disability. Plaintiff's silence on the details does not plead him out of court at this stage.

WHEREFORE, the Court RECOMMENDS that Defendant's Motion to Dismiss be granted in part and denied in part (d/e 4). The Court recommends dismissal of Plaintiff's claim under 42 U.S.C. § 2000e ("Title VII"), to the extent he makes one. The Court further recommends that Defendant's motion to dismiss be denied in all other respects.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal.

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

    ENTER:    October 6, 2005

                                         s/ Byron G. Cudmore
                                 _____
                                   BYRON G. CUDMORE
                              UNITED STATES MAGISTRATE JUDGE